# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | | |
|---|---|---|
| **CLARK WARREN,** | § | |
| *Plaintiff;* | § | |
| | § | |
| v. | § | **Case No. _____** |
| | § | |
| **TOM GREEN COUNTY; and** | § | |
| **SHERIFF J. NICK HANNA;** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Clark Warren ("Plaintiff") respectfully comes before this Honorable Court pursuant to 42 U.S.C 1983[1], *et seq.* complaining of Defendants TOM GREEN COUNTY and SHERIFF J. NICK HANNA of violating Clark Warren's Constitutional rights. The Defendants acted under color of state law and deprived the Plaintiff of his right to be free from excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The Plaintiff specifically alleges and would show unto this Honorable Court the following:

## I.     PARTIES AND ADVERSE PERSON(S)

1.     Plaintiff **CLARK WARREN** is an individual who resides in Tom Green County, Texas and may be reached by and through his counsel of record: Bradford J. Gilde, Gilde Law Firm,

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

PLLC, 5535 Memorial Dr., Suite F #154, Houston, Texas 77007, Phone: (281) 973-2772 Fax: (281) 973-2771 and Alexander J. Houthuijzen, Alexander J. Houthuijzen, Attorney-At-Law, 917 Franklin St. Suite 230, Houston, Texas 77002 Phone: (713) 600-9902 Fax: (832) 565-9003.

2.      Defendant **TOM GREEN COUNTY** is a duly organized county in the State of Texas, a governmental unit of the State of Texas, is sued herein for municipal/entity liability under *Monell* and may be served with process by serving the County Judge, Stephen Floyd, at 113 W. Beauregard Street, San Angelo, Texas 76903, or wherever he may be found.

3.      Defendant **SHERIFF J. NICK HANNA** is a resident and citizen of the State of Texas, the Sheriff of the Tom Green County Sheriff's Office, and the final policymaker for purposes of this suit under *Monell* liability, theories of ratification, etc. and may be served with process at 222 W. Harris, San Angelo, Texas 76903 or wherever he may be found.

4.      Plaintiff would further allege that there are other defendants who are real people and whose exact identities are unknown at present, which other defendants shall hereinafter be referred to as "JOHN DOE OFFICERS (1-10)", until their identities become known and they are properly added to this cause. JOHN DOE OFFICERS (1-10) are deputy sheriff officers who were in the employ of Tom Green County Sheriff's Office, Tom Green County Jail, SHERIFF J. NICK HANNA, and TOM GREEN COUNTY and, at all times material hereto, were acting within the course and scope of their employment as officers and were acting under color of state law. JOHN DOE OFFICERS (1-10) are officers that used excessive force and physically assaulted CLARK WARREN while he was in the care, custody, and control of DEFENDANTS at the Tom Green County Jail. After discovery and upon Leave of Court, Plaintiff will move to amend Plaintiff's Original Complaint to add the properly named Tom Green County Deputy Sheriff Officers by

name; they will be sued in their Individual Capacity and/or in their Official Capacity; and they will be served with process so that they may appear and answer herein.

## II.    JURISDICTION AND VENUE

5.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

6.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1343(a)(3) and (4) because the Plaintiff's suit arises under 42 U.S.C. 1983.

7.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1342, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

8.    Plaintiff brings this action to redress the unlawful and flagrant excessive force, unlawful arrest, and malicious prosecution against Plaintiff pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution made applicable to Defendants because of this federal due process violation.

9.    Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims arising under state law.

10.     Venue is proper in this district court pursuant to 28 U.S.C. §1391(b) because Defendants reside or resided in this district during the relevant time period and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Texas.

11.     All conditions precedent have been performed or have occurred.

### III.     PICTURES OF THE CONSTITUTIONALLY-VIOLATIVE INJURIES, EXCESSIVE FORCE, AND PLAINTIFF'S DAMAGES

12.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

13.     Defendants' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries, excessive force, and Plaintiff's damages, as depicted below:





## IV.  <u>BACKGROUND AND FACTS RELEVANT TO ALL COUNTS</u>

14.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

15.    Plaintiff hereby attaches the photographs of the injuries that were a result of the Defendants' unconstitutional conduct, actions, and inactions, which photographs are incorporated by reference as though set forth fully herein as factual support to Plaintiff's factual allegations, claims, causes of action, and damages.

16.    Plaintiff is and was, during all relevant times hereto, a citizen of the United States of America.

17.    Defendants TOM GREEN COUNTY, SHERIFF J. NICK HANNA, and JOHN DOE OFFICERS' (1-10) (hereinafter collectively referred to as "DEFENDANTS") conduct, actions, and/or inactions, individually and in concert with others are liable under theories of individual liability, direct liability, *Monell* liability, and vicarious liability including but not limited to: Aiding & Abetting; Assisting & Participating; Concert of Action; Joint Cooperation; Actual Authority; Apparent Authority; Conspiracy; and Ratification. DEFENDANTS – each of them individually, jointly, and/or collectively hid behind the authority of the law and were acting under color of state law, ordinance and/or regulation, statutes, custom, and usages of Defendants TOM GREEN COUNTY and SHERIFF J. NICK HANNA. In addition, the Defendants' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and Plaintiff's damages, as set forth more fully below.

18.    TOM GREEN COUNTY, as a county in the State of Texas, has an ongoing custom and a historical custom of engaging in excessive force against inmates. It has been chronicled on

PACER in numerous cases which indicates that TOM GREEN COUNTY has an unwritten custom or policy of having deputies who use excessive force against inmates.

19.    The aforesaid customs include but are not limited to: (a) violating the clearly established right in a free society for a person to be free from unreasonable use of force by an officer; (b) willfully refusing to engage in proper education so that a peace officer may know how to use force without excessively causing harm; and (c) ratification of subordinate behavior by final policymakers.

20.    DEFENDANTS have certain policymakers who are aware of these shortcomings (though described in different terms), have failed to take any meaningful remedial actions, and, through willful blindness and deliberate difference, have endorsed these customs. These policymakers include but are not limited to: SHERIFF J. NICK HANNA – a party to this case.

21.    Through the customs laid out above, DEFENDANTS deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution. This deprivation included depriving Plaintiff of Plaintiff's right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution as well as his right to be free from unreasonable use of force. This deprivation also included depriving Plaintiff's guarantee of equal protection by the law prescribed in the Fourteenth Amendment of the United States Constitution. The particulars of these deprivations are described more fully below.

22.    On March 30, 2022, Plaintiff was taken into custody for warrants.

23.    Plaintiff was taken to the Tom Green County Jail located at 4382 N US Highway 277, San Angelo, Texas 76905.

24.    Plaintiff was processed into the jail.

25.    Plaintiff was taken through the intake process.

26.     Plaintiff was placed in a holding cell for many hours before being taken to shower.

27.     On his way to the showering area, Plaintiff expressed to the guard that he suffered from neuropathy and that he was on disability. Due to lack of feeling in his feet, Plaintiff was trying to traverse the walkway very carefully to the shower area.

28.     The guard told Plaintiff to "hurry the fuck up".

29.     Plaintiff expressed again to the guard that he had neuropathy and that he needed to walk slowly, given his condition.

30.     The jailer told Plaintiff to "hurry the fuck up a second time"

31.     Then, suddenly, without warning, and without any provocation from Plaintiff, approximately 8 to 10 guards appeared out of nowhere and began a vicious assault on Plaintiff.

32.     As a result of the extreme forced being applied to Plaintiff's body, Plaintiff was taken to the ground and suffered a fractured and displaced left patella. Plaintiff screamed in agony and begged the jailers to stop the beating, but to no avail.

33.     Plaintiff was pulled off the ground and placed in a restraint chair and restrained while a bone in his left knee visibly extruded from his skin.

34.     Plaintiff was left alone in the chair in a cell with no lighting and no windows for hours.

35.     Eventually, the jailers returned to Plaintiff with the jail nurse. The nurse looked at Plaintiff's leg and his patella and determined that it was necessary for Plaintiff to head to the hospital.

36.     Hours later, Plaintiff was taken to Shannon Hospital Emergency Room. The ER Doctor told Plaintiff that he would need surgery. Plaintiff's left leg was put in a brace and Plaintiff was taken back to the jail.

37.     On April 1, 2022, the next day, Plaintiff was brought to Court in front of the Honorable

Judge Daniels. Plaintiff explained what had happened to him in the jail at the hands of the guards at the Tom Green County Jail. Plaintiff's surgery was planned for April 7, 2022.

38.     Plaintiff was kept in custody until April 7, 2022 with little to no medical treatment when he was taken for an appointment with a surgeon named Dr. Stacey Beatty. Dr. Beatty did an x-ray and an appointment was made for April 14, 2022 for Plaintiff to return and have a surgery to repair the fracture and displacement of his left patella.

39.     On April 14, 2022, Plaintiff was taken to the Shannon Hospital for surgery.

40.     Plaintiff remained in jail until April 19, 2022 when he was released.

41.     To date, Plaintiff suffers from the assault he endured. Plaintiff has been unable to resume his daily life. Plaintiff has not been able to do yard work, go for walks, or walk his dog like he used to be able to do. Plaintiff will need continuing surgeries for the rest of his life.  Plaintiff also suffers from the emotional and psychological impact of the beating.


**V.      42 U.S.C. § 1983 CLAIMS/CAUSES OF ACTION/COUNTS − *APPLICABLE TO ALL COUNTS HEREIN***

42.     Plaintiff re-alleges all of the allegations in the previous paragraphs 1—41, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

43.     Pursuant to 42 USC § 1983, DEFENDANTS, "under color of state law," "subject[ed] or cause[d] to be subject[ed Plaintiff], a "citizen of the United States," the deprivation of [his] "rights, privileges, or immunities secured by the Constitution and laws," [and] "[should be held liable] to [Plaintiff] in an action at law, suit in equity, or other proper proceeding for redress."

44.     Plaintiff invokes his Constitutional rights, under the 4th, 8th, and 14th Amendments to the United States Constitution − to wit:

a.  Right to be Free from Excessive Force;

b.  Right to Prompt, Reasonable, and Necessary Medical Treatment;

c.  Right to not be Deprived Medical Care;

d.  Failure to Intervene;

e.  Right to be Free from Cruel and Unusual Punishment; and

f.  Substantive Due Process Rights (Life, Liberty, and Property).

45.  At all times relevant to this incident, Plaintiff was a United States citizen male of Caucasian ethnicity.

46.  At all times relevant to this incident, DEFENDANTS were acting "under color of state law." That is, JOHN DOE OFFICERS (1-10) were (i) on duty, (ii) in uniform, (iii) were using departmental issued and approved equipment, (iv) departmental policies/procedures/customs permitted, prohibited, and/or were unconstitutionally silent on their actions and/or inactions, and TOM GREEN COUNTY approved its JOHN DOE OFFICERS' (1-10) actions and/or inactions.

47.  At all times relevant to this incident, Plaintiff's rights under the 4th, and 14th Amendment rights/claims arose when Plaintiff was "seized" – that is:

a.  when JOHN DOE OFFICERS (1-10) terminated Plaintiff's freedom of movement through a means intentionally applied[2];

b.  when Plaintiff, a reasonable person, believed he was not free to leave[3];

---

[2] *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).

[3] *Breadline v. California*, 551 U.S. 249, 255 (2007).

c.     when JOHN DOE OFFICERS (1-10) purposely detained Plaintiff but used more force than intended/necessary for the detention[4]; and

d.     when Plaintiff was an inmate at the Tom Green County Jail.

46.     Plaintiff's rights under the 14th Amendment further arose when DEFENDANTS created a dangerous situation when it used excessive force, escalated the situation, and failed and/or refused to protect Plaintiff; and, when DEFENDANTS restrained Plaintiff's personal liberty failed and/or refused to protect Plaintiff.

48.     At all times relevant to this incident, DEFENDANTS' JOHN DOE OFFICERS (1-10) − each and every one of them − failed to have their audio and visual recording devises on and recording during the incident in question and in direct violation of DEFENDANTS' policies, procedures, practices, and customs, which actions were not punished by and later ratified by TOM GREEN COUNTY and SHERIFF J. NICK HANNA.

49.     At all times relevant to this incident, DEFENDANTS deprived Plaintiff of his right to be free from excessive force − a right secured by the US Constitution. DEFENDANTS' failure to intervene and stop the excessive force further violated this right. DEFENDANTS' lack of training on use of force and excessive force further violated this right. DEFENDANTS' failure to supervise and their lack of enforcement of their written audio/visual-recording policy further violated this right by allowing the conduct of excessive force to go on with impunity and ignorance to same. DEFENDANTS' policy and absence of official policy, in the face of clearly known Constitutional law and known violations, inflicted a deprivation of Plaintiff's Constitutional rights.

---

[4] *Vathekan v. Prince George's County*, 154 F.3d 173, 178 (4th Cir. 1998).

DEFENDANTS' policy and absence of policy, also established through ratification, inflicted a deprivation of Plaintiff's Constitutional rights. DEFENDANTS disregarded a known consequence of risk of serious bodily injury could occur due to their lack of training; vague, ambiguous, and non-specific definitions of use of force; with no written policy on excessive force; and no supervising the use of force through failure in their policy to adhere to audio/visual recording policy inflicted a deprivation of Plaintiff's Constitutional rights. These described actions and inactions amounted to DEFENDANTS' deliberate indifference and were the "moving force" behind the constitutional violations alleged herein.

50.     TOM GREEN COUNTY is liable to Plaintiff under *Monell* for one or more of the following reasons. First, TOM GREEN COUNTY has an officially adopted or promulgated policy that permits the beating of inmates by Tom Green County Deputy Sheriff Officers. Second, in addition or in the alternative, TOM GREEN COUNTY has a custom or practice that is not written or formally adopted, but that is a pervasive, long-standing practice that has the force of law that permits the beating of inmates by Tom Green County Deputy Sheriff Officers. Third, in addition or in the alternative, TOM GREEN COUNTY's failure to train, supervise, discipline, and adequately screen created a pervasive, long- standing practice that has the force of law that permits the beating of inmates by Tom Green County Deputy Sheriff Officers. Finally, in addition or in the alternative, a decision or act made by the official policymaker, even if only on a single occasion, may be attributed to TOM GREEN COUNTY for liability purposes under Section 1983. Here, SHERIFF J. NICK HANNA ratified JOHN DOE OFFICERS (1-10) actions and inactions. Additionally, SHERIFF J. NICK HANNA is liable in his Individual and Official Capacities as the final policymaker for TOM GREEN COUNTY. And, JOHN DOE OFFICERS (1-10) are liable

in their Individual and Official Capacities as the officers that used excessive force and physically assaulted CLARK WARREN while he was in the care, custody, and control of Defendants at Tom Green County Jail.

51.  Municipal liability is also alleged herein based on TOM GREEN COUNTY'S failure to train, which failure to train was a deliberate indifference to Plaintiff's rights. Here, TOM GREEN COUNTY failed to train its employees with respect to a clear constitutional duty that arises in situations that its employees are certain to face. And, TOM GREEN COUNTY failed to train its employees with respect to a clear constitutional duty that arise where the need for training is not obvious at the outset, but a pattern of violations put TOM GREEN COUNTY on notice of the need to train. TOM GREEN COUNTY had knowledge of the potential for constitutional violations and either authorized, condoned, approved, or assisted in the violation of Plaintiff's constitutional rights. What's more, TOM GREEN COUNTY and its policymakers "implicitly or explicitly adopted and implemented" the above-described careless and reckless policies or had actual or constructive knowledge of such policies.

52.  At all times relevant to this incident, TOM GREEN COUNTY, SHERIFF J. NICK HANNA, and JOHN DOE OFFICERS (1-10) proceeded with conscious and deliberate indifference to the safety and welfare of Plaintiff.

53.  At all times relevant to this incident, JOHN DOE OFFICERS (1-10)s' conduct was "plainly incompetent" and/or was a "knowing violation of the law."

54.  At all times relevant to this incident, TOM GREEN COUNTY, SHERIFF J. NICK HANNA, and JOHN DOE OFFICERS (1-10) engaged in the conduct complained of herein, which conduct, actions, and/or inactions were the moving force, directly caused, proximately

caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

55.     Plaintiff seeks unliquidated damages within the jurisdictional limitations of the court.

## VI.     CAUSES OF ACTION — COUNT 1:
## THE RIGHT TO BE FREE FROM EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE 4TH, 8TH, AND THE 14TH AMENDMENTS OF THE U.S. CONSTITUTION (OBJECTIVE & SUBJECTIVE STANDARD) (AS TO ALL DEFENDANTS)

56.     Plaintiff re-alleges all of the allegations in the previous paragraphs 1—55, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

57.     Plaintiff further complains of DEFENDANTS and would show that the DEFENDANTS used excessive force against Plaintiff, when his only conduct was to tell the jailer he suffered from neuropathy and was having trouble walking to the shower. In response, the jailers, employed by DEFENDANTS, beat Plaintiff into a medically necessary surgery.

58.     DEFENDANTS "inflicted unnecessary and wanton pain and suffering[5]" upon Plaintiff.

59.     The force applied on Plaintiff was in bad faith or was maliciously and sadistically applied for the very purpose of causing harm.[6]

60.     Plaintiff was a pre-trial detainee.  Once an individual is taken into custody, he is considered a pre-trial detainee (also referred to in cases as an "arrestee")[7].

---

[5] *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th  Cir. 1998).

[6] *Johnson*, 481 F.2d at 1033 (quoted with approval in *Orem*, 523 F.3d at 446).

[7] The Fourth Amendment no longer applies once the individual is subject to pre-trial detainment. Instead, a claim of excessive force by a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 445-46 (4th Cir. 2008); *Riley v. Dorton*, 115 F.3d 1159 (4th Cir. 1997) (en banc)).  Under the Due Process Clause, a pre-trial detainee has

61.     DEFENDANTS' conduct exhibited "Deliberate Indifference[8]" – DEFENDANTS actually knew of and ignored a substantial risk of injury to Plaintiff.

62.     DEFENDANTS subjectively recognized a substantial risk of harm, subjectively recognized that their actions were inappropriate in light of that risk and had actual knowledge of the risk of injury – the risk was so obvious that a factfinder could conclude that "the officer did know of it because he could not have failed to know of it." *Id.; see also Farmer v. Brennan.* 511 U.S. 825, 842 (1994).

63.     Carefully balancing of the nature and quality of the intrusion on Plaintiff's 4th Amendment interest against the countervailing governmental interest at stake, DEFENDANTS, used excessive force against Plaintiff, pursuant to *Graham v. Connor*, 490 U.S. 386, 395-96 (1989), that was unnecessary in light of the circumstances – to wit:

      a.     when they went hands-on with Plaintiff when Plaintiff was simply walking and posed no danger to himself or others and made no provocations towards the officers;

      b.     when the jailers assaulted Plaintiff and caused his left patella to fracture and dislocate which led to 12 staples being put in Plaintiff's knee.

---

the right to be free from excessive force that amounts to punishment. *Bell v. Wolfish*, 441 U.S. 520, 534-37 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). When a detained individual is punished prior to an adjudication of guilt, he is deprived of his liberty without due process of law and has a substantive due process claim. *Johnson v. Glick*, 481 F.2d 1028, 1032 (2nd Cir. 1973).

[8] The rights of a pre-trial detainee under the Due Process Clause are at least as great as the rights of a convicted prisoner under the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 244 (1983) (holding that the Due Process Clause requires government to provide medical care to individuals who have been injured while being apprehended by the police). An officer's deliberate indifference to a pre-trial detainee's serious medical needs or deliberate indifference to the need to protect a pre-trial detainee from a substantial risk of harm are actionable under the Due Process Clause. *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). The deliberate indifference of governmental officials to a pre-trial detainee's serious medical needs or substantial risk of harm meets the shock the conscience standard for a substantive due process violation. *Id.*

64. DEFENDANTS' use of force was objectively unreasonable in light of the totality of the circumstances confronting the officers, without regard to the officers' underlying intent or motivation[9]. *Graham* at 397. Specifically, DEFENDANTS:

    a. knew that Plaintiff did not present a danger to himself or others[10];

    b. affirmatively chose to use force that caused injury to Plaintiff; and

    c. used force that was excessive to the need.

65. Plaintiff's constitutional right to remain free from excessive force was:

    a. secured to him by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. violated by Defendants;

    c. clearly established within both the Fifth Circuit and the Northern District of Texas at all times relevant hereto; and

    d. Plaintiff suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when Defendant used excessive force against him, as described above.

66. At all times relevant hereto, all reasonable police officers would have known:

---

[9] An officer's intent or subjective motivations may be considered by a factfinder when evaluating the credibility of his testimony. *Graham* at 399.

[10] *Tennessee v. Garner*, 471 U.S. 1, 3 (1985) (holding that "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so;" and "that the use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.); *see also*, *Brockington v. Boykins*, 637 F.3d 503 (4th Cir. 2011) (holding that it is unreasonable for an officer to continue shooting someone who is already incapacitated – i.e. an officer may not continue to use deadly force once the threat posed by a suspect has been eliminated); *Waterman v. Batton*, 393 F.3d 471 (4th Cir. 2005) (holding that once the justification for the initial use of force has been eliminated, a subsequent use of force is improper).

a.     law enforcement officers must only use force that is justified by a need;

b.     the use of force by a law enforcement officer must be objectively reasonable in light of the circumstances;

c.     Plaintiff had a clearly established right to remain free from an unreasonable use of force as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

d.     the quantum of force used by Defendant against Plaintiff was excessive to the need; is impermissible during any detention; was a clear violation of Plaintiff's constitutional rights; and was conduct unbecoming of a police officer.

67.     Here, DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully below.

68.     Here, Defendant SHERIFF NICK HANNA witnessed JOHN DOE OFFICERS (1-10)s' actions, and Defendant SHERIFF NICK HANNA assisted, participated, conspired, aided and abetted, and/or ratified JOHN DOE OFFICERS (1-10)s' actions knowing himself that said actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth herein.  What's more, as a supervisor to JOHN DOE OFFICERS (1-10)s', Defendant SHERIFF NICK HANNA had actual knowledge of his subordinate's violation of Plaintiff's Constitutional rights and acquiesced in that violation, and he, with deliberate indifference to the consequences, established and maintained a policy, practice, and/or custom which directly caused the violation.  What's more, Defendant SHERIFF NICK HANNA had a

duty to intervene to prevent the violation of Plaintiff's Constitutional rights, he had a reasonable opportunity to intervene, and he failed to intervene. What's more, Defendant SHERIFF NICK HANNA approved Defendant's actions, his decision to take those actions, and the basis for those decisions and actions, which amounts to ratification.

69.     Here, TOM GREEN COUNTY has *Monell* liability for its constitutionally deficient policy; its constitutionally deficient practice, custom, and usage; its supervisory responsibility failures of Defendants SHERIFF NICK HANNA and JOHN DOE OFFICERS (1-10); its ratification of DEFENDANTS' decision, actions, and the basis for his decisions and actions; and for failure to train and supervise, as set forth herein.

70.     DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

71.     Plaintiff seeks unliquidated damages within the jurisdictional limitations of the court.

72.     Additionally, Plaintiff seeks punitive damages against DEFENDANT because they:

> a.      acted with conscious indifference to the possibility that they would unnecessarily injure Plaintiff under the circumstances;
>
> b.      acted with reckless or callous indifference to Plaintiff's federally protected rights;
>
> c.      acted with deliberate indifference to the likelihood that they would violate Plaintiff's constitutional rights by using excessive force that was unjustified by the need;
>
> d.      recklessly trampled on Plaintiff's clearly established constitutional rights through plainly unlawful conduct;
>
> e.      knew Plaintiff did not present a danger to himself or other persons in the immediate vicinity;

f.      acted with conscious indifference to Plaintiff's rights when they utilized force in excess of any need at the time of such arrest;

g.      acted with conscious indifference to Plaintiff's rights when they used force that caused serious injuries to Plaintiff; and/or

h.      recklessly trampled on Plaintiff's clearly established constitutional rights through plainly unlawful conduct.

## VII.    CAUSES OF ACTION — COUNT 2:
### 42 U.S.C. 1983 FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE[11] (AS TO DEFENDANTS TOM GREEN COUNTY & SHERIFF J. NICK HANNA)

73.     Plaintiff re-alleges all of the allegations in the previous paragraphs 1—72, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

74.     Defendant TOM GREEN COUNTY failed to train, supervise, and discipline its employees amounting to a deliberate indifference to the Plaintiff's constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).  Deficient employment decisions regarding training, supervision, and discipline can subject a governmental entity to §1983 liability.  *See Brown*, 520 U.S. 397 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1417 (5th Cir. 1996).

75.     At all times relevant, Defendant TOM GREEN COUNTY had a duty to train, supervise, and discipline their employees and agents, and Defendant TOM GREEN COUNTY breached those duties.

76.     Defendant TOM GREEN COUNTY breached those duties, in part, by:

a.      improperly training, authorizing, encouraging, or directing JOHN DOE OFFICERS (1-10): (i) on proper protections to permit one's clearly established,

---

[11] An unconstitutional custom or policy may also be shown by evidence of deficient or inadequate training, supervision, or hiring of law enforcement officers by municipal officials.  *City of Canton v. Harris*, 489 U.S. 378 (1989); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997); *Wellington v. Daniels*, 717 F.2d 932 (4th Cir. 1983).

constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights;

b.      improperly supervising JOHN DOE OFFICERS (1-10): (i) on proper protections to permit one's clearly established, constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights;

c.      improperly disciplining JOHN DOE OFFICERS (1-10): (i) on proper protections to permit one's clearly established, constitutional right to video record police; (ii) on proper search and seizure; (iii) on proper arrest and to protect against false arrest; (iv) on proper use of force; (v) on proper intervening; and (vi) on proper policies, practices, customs, and usages to secure and not infringe on Constitutional rights; and

d.      failing to investigate allegations of excessive force; failure to intervene; and unconstitutional polices, practices, customs, and usages.

77.      Plaintiff has shown (1) TOM GREEN COUNTY's training procedures were inadequate; (2) TOM GREEN COUNTY's policymakers were deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused Plaintiff's injuries and damages. *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000). Second, even if TOM GREEN COUNTY's training program does not prevent constitutional violations, TOM GREEN COUNTY is still liable because its makers were put on notice that a new program was called for. *Bd. of the County Comm'rs v. Brown*, 520 U.S. at 407-408. "Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'— necessary to trigger municipal liability." *Id.* (citing *Canton* v. *Harris,* 489 U.S. 378, 390 n. 10 (1989). Third, the U.S. Supreme Court in *Brown* also stated that it did not foreclose the possibility that

evidence of a single violation of federal rights, accompanied by a showing that a governmental entity has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger entity liability, which is the case here. *Id.* at 409 (citing *Canton v. Harris*, 489 U.S. at 390, and n. 10 ("It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious . . . that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need")). Here, for example, JOHN DOE OFFICERS (1-10)s' actions were uniform, consistent, in collaboration with one another, and were ratified by all involved.

78.     *Inter alia*, TOM GREEN COUNTY's lack of training, supervision, and discipline on use of force and excessive force deprived Plaintiff of his clearly established Constitutional rights – rights secured by the US Constitution, which actions amounted to deliberate indifference and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of his Constitutional rights, the injuries, and damages.

79.     Defendant TOM GREEN COUNTY's failure to supervise and their lack of training and lack of enforcement of their written audio/visual-recording policy deprived Plaintiff of his clearly established Constitutional rights by allowing the use of force and excessive force to go with impunity and ignorance to same, which actions amounted to deliberate indifference and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the deprivation of his Constitutional rights, the injuries, and damages.

80.     What's more, Defendant TOM GREEN COUNTY, a municipal actor, disregarded a known or obvious consequence of its action to not implement a proper policy on permitting and

protecting one's clearly established, Constitutional right to video record police, which violation would devolve into unconstitutional search and seizure, arrest, excessive force, and ratification.

81.     What's more, Defendant **TOM GREEN COUNTY** was on actual or constructive notice of the need for training, supervision, and discipline because of a pattern of similar unconstitutional acts by its officers occurred within a relevant period of time before the incident.

82.     What's more, Defendant **TOM GREEN COUNTY** acted in conscious disregard of the constitutional rights of its residents – namely, Plaintiff – by failing to train, supervise, and discipline its officers.

83.     What's more, the unconstitutional consequences of failing to train are and were so patently obvious to Defendant **TOM GREEN COUNTY** that it is liable under § 1983 without proof of a pre-existing pattern of violations.

84.     Defendant **TOM GREEN COUNTY** failure to adequately train, supervise, and discipline **JOHN DOE OFFICERS** (1-10) amounted to deliberate indifference to Plaintiff's rights under the United States Constitution.

85.     Defendant **TOM GREEN COUNTY** ratification and/or concealment of **JOHN DOE OFFICERS** (1-10)' actions or omissions amounted to deliberate indifference to Plaintiff's rights under the United States Constitution.

86.     This policy is tacitly or overtly sanctioned, as evidenced by the conduct of **TOM GREEN COUNTY** failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting to deliberate indifference to Plaintiff's constitutional rights.

87.     **DEFENDANTS'** actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused,

proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

88.     Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## VIII.   CAUSES OF ACTION — COUNT 3:
## 42 U.S.C. 1983 VIOLATION OF DUE PROCESS (AS TO ALL DEFENDANTS)

89.     Plaintiff re-alleges all of the allegations in the previous paragraphs 1—88, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

90.     Plaintiff's constitutional right to due process as a free citizen was:

 a.     secured to him by the Fourteenth Amendment to the United States Constitution

 b.     violated by JOHN DOE OFFICERS (1-10) at the scene of the incident, and by Defendant TOM GREEN COUNTY; and

 c.     clearly established within both the Fifth Circuit and the Northern District of Texas

91.     On March 30, 2022, DEFENDANTS violated Plaintiff's Fourteenth Amendment right to Due Process when they:

 a.     used unnecessarily excessive force;

 b.     caused serious injuries to Plaintiff's;

 c.     used excessive force without furthering any legitimate penological interest;

 d.     used said excessive force in bad faith, maliciously, and recklessly; and

 e.     by using excessive force that was objectively unreasonable under the circumstances.

92.     DEFENDANTS' conduct was:

 a.     deliberate and purposeful;

 b.     was plainly incompetent;

     c.     a knowing violation of the law;

     d.     predicated upon the patently unreasonable belief that the conduct herein was reasonable;

     e.     an intentional violation of the law;

     f.     consciously and deliberately indifferent to Plaintiff's constitutional rights and safety;

     g.     performed while knowingly disregarding the obvious risk that the above actions would designedly result in his inability to comply with any officer's verbal commands or physical forces

     h.     a significant threat to Plaintiff's clearly established constitutional right to remain free from Due Process violations and excessive force; and

     i.     evidences unreasonable misunderstandings of their respective powers and responsibilities.

93. No reasonable officer could ever believe that Plaintiff's conduct herein warranted the reckless, malicious, bad faith, and deliberately indifferent abuse perpetrated by DEFENDANTS herein.

94. Plaintiff seeks punitive damages against JOHN DOE OFFICERS (1-10) because they:

     a.     knew they lacked constitutional authority to treat Plaintiff the way they did under the circumstances herein;

     b.     acted with conscious indifference to the possibility that they were performing unreasonably unlawful acts;

     c.     acted with reckless or callous indifference to Plaintiff's federally protected rights;

     d.     recklessly violated Plaintiff's clearly established constitutional rights to remain free from Due Process violations; and

     e.     acted in a grossly negligent manner.

95. Defendant TOM GREEN COUNTY and its JOHN DOE OFFICERS (1-10) used excessive force against Plaintiff – to wit:

a. when they went hands-on with Plaintiff when Plaintiff was engaged in a lawful, constitutionally-protected act; and

b. when they beat Plaintiff and caused him to suffer a fractured and displaced left patella.

96. Defendant TOM GREEN COUNTY and its JOHN DOE OFFICERS (1-10), conduct was "deliberate decision to deprive a person of life, liberty, or property."

97. Defendant TOM GREEN COUNTY and its JOHN DOE OFFICERS (1-10), action "can properly be characterized as conscience shocking, in a constitutional sense[12]" and/or was recklessness, gross negligence, or deliberate indifference to the rights of Plaintiff.

98. Plaintiff suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when DEFENDANTS used excessive force against Plaintiff, as described above.

99. Defendant TOM GREEN COUNTY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing Defendant TOM GREEN COUNTY and its JOHN DOE OFFICERS (1-10) to use force unconstitutionally and excessively in violation of the United States Constitution.

100. Defendant TOM GREEN COUNTY failure to adequately train, supervise, and discipline JOHN DOE OFFICERS (1-10) amounted to deliberate indifference to Plaintiff's rights to be free

---

[12] Conduct that "shocks the conscience" is the type that violates the "decencies of civilized conduct." *Rochin v. California*, 342 U.S. 165, 172-73 (1952). It is also conduct that is so brutal and offensive that it does not comport with "traditional ideas of fair play and decency." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The "shock the conscience" standard is found "at the ends of the tort law's spectrum of culpability." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). As a result, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to give rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849.

from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

101.    Defendant TOM GREEN COUNTY's ratification and/or concealment of JOHN DOE OFFICERS (1-10)' actions or omissions amounted to deliberate indifference to Plaintiff's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

102.    What's more, Defendant TOM GREEN COUNTY's continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability.  *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (U.S. 1997).

103.    DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

104.    Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

### IX.    CAUSES OF ACTION — COUNT 4: FAILURE TO INTERVENE PURSUANT TO 42 U.S.C. § 1983 AND THE 4TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION (BYSTANDER LIABILITY CLAIM) (ALL DEFENDANTS)

105.    Plaintiff re-alleges all of the allegations in the previous paragraphs 1—104, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

106.    At all times relevant hereto, the DEFENDANTS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the TOM GREEN COUNTY. The JOHN DOE OFFICERS (1-10) were also acting in concert with one another.

107.    JOHN DOE OFFICERS (1-10) acted under color of state law to deprive CLARK WARREN of certain constitutionally protected rights under the Fourth Amendment to the Constitution of the United States, including, but not limited to (a) the right to be free from unreasonable searches and seizures, and (b) the right to be free from excessive use of force by persons acting under color of state law.

108.    The actions and/or omissions of the JOHN DOE OFFICERS (1-10) described above and herein amounted to an unjustified and excessive use of force against CLARK WARREN. By unjustifiably and unreasonably cussing, threatening, detaining, beating, and causing the fracture and displacement of CLARK WARREN'S left patella, DEFENDANTS violated CLARK WARREN'S rights to be free from use of excessive force and unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

109.    While various JOHN DOE OFFICERS (1-10) were cussing, threatening, detaining, beating, and causing the fracture and displacement of CLARK WARREN'S left patella, other JOHN DOE OFFICERS (1-10) were present at the scene and had an affirmative duty to take reasonable measures to protect CLARK WARREN from their fellow officers' use of excessive force.

110.    While on the scene, JOHN DOE OFFICERS (1-10): (1) knew that a fellow officer was violating CLARK WARREN'S constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act.

111.     CLARK WARREN suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when JOHN DOE OFFICERS (1-10) used excessive force against CLARK WARREN, as described above.

112.     TOM GREEN COUNTY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices.  These included, among other things, allowing JOHN DOE OFFICERS (1-10) to unconstitutionally and excessively use of force in violation of the United States Constitution.

113.     TOM GREEN COUNTY failure to adequately train and supervise JOHN DOE OFFICERS (1-10) amounted to deliberate indifference to CLARK WARREN's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

114.     TOM GREEN COUNTY ratification and/or concealment of JOHN DOE OFFICERS' (1-10) actions or omissions amounted to deliberate indifference to CLARK WARREN's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

115.     What's more, TOM GREEN COUNTY'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability.  *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (U.S. 1997).

116.     DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused,

proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

117.    Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## X.    CAUSES OF ACTION — COUNT 5:
### CIVIL CONSPIRACY CLIAM UNDER 42 U.S.C. § 1983 AND THE 4TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION (ALL DEFENDANTS)

118.    Plaintiff re-alleges all of the allegations in the previous paragraphs 1—117, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

119.    JOHN DOE OFFICERS (1-10) acted jointly in concert with one another. Overt acts were done in furtherance of the conspiracy resulting in a constitutional violation[13], as set forth herein.

120.    JOHN DOE OFFICERS' (1-10) conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to the federally protected rights of CLARK WARREN[14].

121.    CLARK WARREN suffered "(1) an injury," "(2) which resulted from the use of force that was clearly excessive to the need," and "(3) the excessiveness of which was objectively unreasonable" when Defendant JOHN DOE OFFICERS (1-10) used excessive force against CLARK WARREN, as described herein.

122.    TOM GREEN COUNTY implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices. These included, among other things, allowing JOHN DOE

---

13 When direct evidence is not available, a plaintiff must present "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id.* "Acquiescence can amount to a conspiracy agreement when … one police officer watches an open breach of the law and does nothing to seek its prevention." *Hafner v. Brown*, 983 F.2d 570, 578 (4th Cir. 1992).

14 *Smith v. Wade*, 461 U.S. 30, 55 (1983).

OFFICERS (1-10) to beat inmates unconstitutionally and excessively in violation of the United States Constitution.

123.    TOM GREEN COUNTY failure to adequately train and supervise JOHN DOE OFFICERS (1-10) amounted to deliberate indifference to CLARK WARREN's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

124.    TOM GREEN COUNTY ratification and/or concealment of JOHN DOE OFFICERS' (1-10) actions or omissions amounted to deliberate indifference to CLARK WARREN's rights to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

125.    What's more, TOM GREEN COUNTY'S continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees establishes the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 407 (U.S. 1997).

126.    DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

127.    Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## XI.    CAUSES OF ACTION — COUNT 6:
## DEPRIVATION OF MEDICAL CARE UNDER 42 U.S.C. § 1983 AND THE 4TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION (ALL DEFENDANTS)

128.     Plaintiff re-alleges all of the allegations in the previous paragraphs 1—127, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

129.     DEFENDANTS deprived Plaintiff of prompt, reasonable, and necessary medical care, which delay exacerbated Plaintiff's pain, suffering, medical condition, and damages. Specifically, Plaintiff went hours and days without being seen by medical personnel, treated by medical personnel, given pain medication by medical personnel, and reasonable and necessary surgery.

130.     In the deprivation-of-medical-care context, prison officials violate the Constitution "only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Eighth Amendment); *accord Hare*, 74 F.3d at 647-48 (applying *Farmer* in context of Fourteenth Amendment). When Plaintiffs premise a medical deprivation claim on episodic acts or omissions, the courts consider (1) whether the alleged deprivation is "objectively, 'sufficiently serious'" such that the act or omission results "in the denial of 'the minimal civilized measure of life's necessities'" and (2) whether the official had a "sufficiently culpable state of mind" in acting or failing to act. *Farmer*, 511 U.S. at 834. In other words, a prison "official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650; *accord Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Both of these inquiries are fact intensive (*Garrett v. Thaler*, 560 F. App'x 375, 380 n.3 (5th Cir. 2014) (per curiam)) and both exist here.

131.     Specifically, the very JOHN DOE OFFICERS (1-10) who inflicted the Constitutionally-violative excessive force upon Plaintiff were the same JOHN DOE OFFICERS (1-10) who were in charge of his medical care. When JOHN DOE OFFICERS (1-10) fractured and displaced

Plaintiff's left patella, it was an "objectively, 'sufficiently serious'" event and injury and the delay and denial of prompt, reasonable, and necessary medical care was "the denial of 'the minimal civilized measure of life's necessities'" and the assaulting JOHN DOE OFFICERS (1-10) had a "sufficiently culpable state of mind" in acting or failing to act because they wanted to inflict pain and suffering on Plaintiff, as evidenced by their excessive force and assaulting behavior.

132.    Here, JOHN DOE OFFICERS (1-10) were deliberately indifferent to Plaintiff's injuries, damages, and need for medical care when they knew of the substantial risk of serious harm faced by the inmate and "disregarded that risk by failing to take reasonable measures to abate it" when they failed to act promptly and failed to give him medication, treatment, and surgery in a reasonably prompt and medically necessary manner. *Gobert*, 463 F.3d at 346 (quoting *Farmer*, 511 U.S. at, 834). This is not a matter of "[u]nsuccessful medical treatment" or acts of negligence or medical malpractice; this was a deliberate act of delayed medical treatment as a method of creating and increasing Plaintiff's pain, suffering, and mental anguish.

133.    Deliberate indifference is shown here when JOHN DOE OFFICERS' (1-10) acts or failures to act constituted refusing to treat the prisoner, ignoring his complaints, intentionally treating the prisoner incorrectly, and engaging "in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346.

134.    DEFENDANTS' actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

135.    Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## XII.  CAUSES OF ACTION — COUNT 7:
## TEXAS STATE LAW CLAIM – ASSAULT—INFLICTION OF BODILY INJURY
## (JOHN DOE OFFICERS (1-10))

136.    Plaintiff re-alleges all of the allegations in the previous paragraphs 1—135, as though fully set forth herein, to support Plaintiff's elements, claims, causes of action, and counts.

137.    JOHN DOE OFFICERS (1-10) acted intentionally, knowingly, or recklessly when they used excessive force, assaulted Plaintiff, and fractured and displaced Plaintiff's left patella.

138.    JOHN DOE OFFICERS (1-10) made contact with Plaintiff's person when they used excessive force, assaulted Plaintiff, and fractured and displaced Plaintiff's left patella.

139.    JOHN DOE OFFICERS' (1-10) contact caused bodily injury to Plaintiff when they used excessive force, assaulted Plaintiff, and fractured and displaced Plaintiff's left patella.

140.    JOHN DOE OFFICERS' (1-10) actions and inactions were clearly incompetent, were a knowing violation of the law, were made with deliberate indifference, and were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the Constitutionally-violative injuries and damages suffered by Plaintiff, as set forth more fully herein.

141.    Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## XIII.  JURY DEMAND

142.    Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XIV.  DAMAGES

143.    As a result of the actions and circumstances described above, Plaintiff has suffered injuries and damages including but not limited to one or more of the following:

a.	Nominal Damages.

b.	Actual Damages.

c.	Compensatory Damages.

d.	Past and future physical injuries, impairment, inconvenience, and disfigurement;

e.	Past and future pain and suffering;

f.	Past and future mental anguish, emotional distress, anger, and humiliation;

g.	Past and future economic losses and loss of earning capacity;

h.	Past and future medical expenses;

i.	Presumed Damages;

j.	Attorney's Fees, pursuant to 42 U.S.C. §§ 1983, 1988, *et seq*.;

k.	Expert Fees, pursuant to 42 U.S.C. §§ 1983, 1988, *et seq*.;

l.	Punitive Damages;

m.	Unliquidated damages within the jurisdictional limits of this court; and

n.	Pre-judgment and post-judgment interest.

## XV.   ATTORNEY'S FEES

144.	Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988.

## XVI.   PRAYER FOR RELIEF

145.	For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against DEFENDANTS consistent with the relief requested herein and award the Plaintiff actual damages and punitive damages in an amount to be determined by Plaintiff's jury, along with costs of this action including reasonable attorney fees, and for any and all other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Dated: July 26, 2022

Respectfully Submitted,

**GILDE LAW FIRM, PLLC**

/s/ *Bradford J. Gilde*
BRADFORD J. GILDE
TSB#: 24045941 | Fed ID No. 4010300
5535 Memorial Dr., Suite F, No.154
Houston, TX 77007
281-973-2771 – facsimile
281-973-2772 – phone
bjg@gildelawfirm.com

—*AND*—

**ALEXANDER J. HOUTHUIJZEN,
ATTORNEY-AT-LAW, PLLC**

/s/ *Alexander J. Houthuijzen*
ALEXANDER J. HOUTHUIJZEN
TSB#: 24101224 | Fed ID No. 3083690
917 Franklin St. 230
Houston, Texas 77002
(713) 600-9902 – phone
(832) 565-9003 – facsimile
alex@alexthedefender.com

**ATTORNEYS FOR PLAINTIFF**